```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
IN RE CONVERIUM HOLDING AG SECURITIES    :       MASTER FILE
LITIGATION                               :       04 Civ. 7897 (DLC)
                                         :
This Document Relates to:                :       MEMORANDUM
                                         :       OPINION & ORDER
ALL ACTIONS                              :
                                         :
-----------------------------------------X
```

Appearances

For Plaintiffs:
John P. Coffey
Steven B. Singer
Beata Gocyk-Farber
Avi Josefson
Wendy Erdly
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019

Robert M. Roseman
Andrew D. Abramowitz
Rachel E. Kopp
Spector Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA 19103

Mark S. Willis
Avi Garbow
Matthew K. Handley
Cohen Milstein Hausfield & Toll, P.L.L.C.
1100 New York Avenue N.W.
Suite 500, West Tower
Washington, D.C. 20005

For Defendant Converium Holding AG and the Individual
Defendants:
Stephen W. Greiner
Richard Mancino
Mary Eaton
Kristina J. Holm

Joshua J. Ellison
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019

For Defendants UBS AG and Merrill Lynch Int'l:
Douglas D. Broadwater
Francis P. Barron
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019

For Defendant Zurich Financial Services:
Ralph C. Ferrara
Jonathan E. Richman
LeBoeuf, Lamb, Greene & McRae LLP
125 West 55th Street
New York, NY 10019

DENISE COTE, District Judge:

Lead plaintiffs in this putative class action have moved for reconsideration of the Opinion granting in part the defendants' motions to dismiss claims pleaded under the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"). See In re Converium Holding AG Sec. Litig., No. 04-CV-7897, 2006 WL 3804619 (S.D.N.Y. Dec. 28, 2006) ("Opinion"). For the following reasons, the motion is granted in part.

## Background

As described in greater detail in the Opinion, the Lead Plaintiffs have sued Converium Holding AG ("Converium"), its officers, directors, former parent company, and lead

underwriters for Converium's initial public offering ("IPO") in December 2001.  Prior to the IPO, Converium was a wholly owned subsidiary of defendant Zurich Financial Services ("ZFS").  Converium is a multinational reinsurer, and these consolidated class actions followed the collapse of its North American business unit in September 2004.  The thrust of the complaint is that the defendants hid from investors that Converium's loss reserves were hundreds of millions of dollars less than they needed to be to cover Converium's exposure.

The Opinion granted several of the defendants' motions to dismiss claims against them.  The Lead Plaintiffs have not moved for reconsideration of the dismissal of the Exchange Act Section 10(b) claim against ZFS or the Exchange Act Section 10(b) claim brought by purchasers in the IPO against Converium and the Officer Defendants.  See Opinion, 2006 WL 384619, at *10-*13, *18.

The Lead Plaintiffs have moved for reconsideration of two other rulings.  They contend that the Opinion erred in dismissing the Section 10(b) claim against Converium and the Officer Defendants for statements made in connection with the IPO to the extent that the claim is brought on behalf of purchasers in the after-market.  The Opinion found that the Lead Plaintiffs had not adequately alleged reliance in connection with the IPO itself since there is no presumption that the

3

market for IPO shares is efficient.  Id. at *13.  It did not separately consider after-market purchasers, but ruled broadly that Exchange Act claims based on statements made in connection with the IPO would be dismissed.  As a result, the Opinion also dismissed the "control person" Exchange Act Section 20(a) claims against ZFS and the Director Defendants on the ground that there was no allegation that these defendants were control persons after the IPO.

Reconsideration of this ruling will require the Court to address other grounds for dismissing the Exchange Act claims.  These include whether (1) the Registration Statement and Prospectus for the IPO ("IPO Documents") contain material misrepresentations or omissions, (2) the complaint pleads scienter as to Converium and the Officer Defendants in connection with the IPO Documents, (3) the complaint pleads loss causation as to the IPO Documents, and (4) it pleads control-person liability for ZFS.  Director Defendants Colombo, Mehl, Förterer, and Schnyder also contend that the plaintiffs have not shown that there is personal jurisdiction over them.

The Lead Plaintiffs also move for reconsideration of the Securities Act claims, which were pleaded against all defendants.  These claims were the only ones pleaded against the Underwriter Defendants.  The Opinion held that investors were on inquiry notice of Converium's alleged under-reserving practices

4

no later than November 17, 2002, the date on which Converium announced its fourth reserve increase within a year.  Id. at *17.  As a result, the Securities Act claims were time barred.  Id.

## Discussion

A motion for reconsideration should be granted only where the moving party demonstrates that the court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision.  See S.D.N.Y. Local Civil Rule 6.3; In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003); Chang v. United States, 250 F.3d 79, 86 n.2 (2d Cir. 2001); Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  Shrader, 70 F.3d at 257.

Rule 6.3 "is to be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly construed by the court."  Zoll v. Jordache Enter. Inc., No. 01 Civ. 1339 (CSH), 2003 WL 1964054, at *2 (S.D.N.Y. April 24, 2003) (citation omitted).  The moving party may not "advance new facts, issues or arguments not previously presented to the Court."  Geneva Pharm. Tech. Corp. v. Barr Labs, Inc., No. 98 Civ. 3607 (RWS),

2002 WL 1933881, at *1 (S.D.N.Y. Aug. 21, 2002) (citation omitted).  The decision to grant or deny the motion is within the sound discretion of the district court.  See <u>Devlin v. Transp. Commc'n Int'l Union</u>, 175 F.3d 121, 132 (2d Cir. 1999).

1. Exchange Act Claims: IPO After-Market Purchases

The defendants argue that reconsideration of the Exchange Act Section 10(b) claims against Converium and the Officer Defendants is not warranted since the complaint's assertion that the market was efficient at all times relevant to its allegations was in error as a matter of law as to the IPO itself, and the complaint does not explain when and how the market became efficient.  The complaint's allegations are sufficient to support the traditional presumption of reliance for Exchange Act claims in the after-market.  The complaint asserts, <u>inter alia</u>, that Converium ADSs traded on the New York Stock Exchange at an average daily trading volume during the Class Period of approximately 40,000 ADSs.  The plaintiffs had no burden in their pleading to pinpoint the time when or identify the processes by which the market in Converium securities became efficient.

Granting this motion for reconsideration does not end the matter.  A separate decision will address those elements of the

6

defendants' motions to dismiss the Exchange Act Sections 10(b) and 20(a) claims that the Opinion did not reach.

2. Securities Act Claims

The motion to reconsider the dismissal of the Securities Act claims is denied.  In opposition to the argument in the motion to dismiss that the claims were time-barred, the Lead Plaintiffs did not develop each of the arguments they now press.  Their motion for reconsideration admits they "could have better" presented their arguments.  For example, their half-hearted attempt in their opposition papers to distinguish <u>LC Capital Partners, LP v. Frontier Ins. Group, Inc.</u>, 318 F.3d 148 (2d Cir. 2003), was contained in a footnote.  In recognition of these failures, the Lead Plaintiffs have advanced new arguments and offered new documents to support reconsideration.

Reconsideration of the dismissal of the Securities Act claims is denied on two independent grounds.  First, the motion has been improperly used to present new facts and arguments not previously presented and to reargue matters already thoroughly considered and determined in the Opinion.  Second, even if it were appropriate to consider the new materials and arguments, the decision to dismiss the Securities Act claims would stand.

3. Motion to Amend

The Lead Plaintiffs' motion to amend was brought to add Securities Act claims based on the IPO. These claims remain time-barred. The motion to reconsider the denial of the motion to amend is denied.

## Conclusion

For the above reasons, Lead Plaintiffs' motion for reconsideration of the dismissal of the Exchange Act Section 10(b) claim against Converium and the Officer Defendants is granted. The Lead Plaintiffs' motion for reconsideration of the dismissal of the Securities Act claims and the denial of the motion to amend is denied.

SO ORDERED:

Dated:   New York, New York
         April 9, 2007

                                     _____
                                            DENISE COTE
                                     United States District Judge