```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
IN RE CONVERIUM HOLDING AG SECURITIES   :      MASTER FILE
LITIGATION                              :      04 Civ. 7897 (DLC)
                                        :
This Document Relates to:               :      MEMORANDUM
                                        :      OPINION & ORDER
ALL ACTIONS                             :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiffs:
John P. Coffey
Steven B. Singer
Beata Gocyk-Farber
Avi Josefson
Wendy Erdly
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019

Robert M. Roseman
Andrew D. Abramowitz
Rachel E. Kopp
Spector Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA 19103

Mark S. Willis
Avi Garbow
Matthew K. Handley
Cohen Milstein Hausfield & Toll, P.L.L.C.
1100 New York Avenue N.W.
Suite 500, West Tower
Washington, D.C. 20005

```
For Defendant Converium Holding AG and the Officer Defendants:
Stephen W. Greiner
Richard Mancino
Mary Eaton
Kristina J. Holm
Joshua J. Ellison
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
```

DENISE COTE, District Judge:

An April 9, 2007 Opinion granted in part Lead Plaintiff's motion for reconsideration in this putative class action. In re Converium Holding AG Sec. Litig., No. 04 Civ. 7897 (DLC), 2007 WL 1041480 (S.D.N.Y. Apr. 9, 2007) ("Reconsideration Opinion"). The motion sought reconsideration of the December Opinion granting in part the defendants' motions to dismiss claims pleaded under the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"). In re Converium Holding AG Sec. Litig., No. 04 Civ. 7897 (DLC), 2006 WL 3804619 (S.D.N.Y. Dec. 28, 2006) ("December Opinion"). This Opinion addresses certain issues in the defendants' motions to dismiss the Exchange Act Sections 10(b) and 20(a) claims that the December Opinion did not reach and the Reconsideration Opinion did not resolve. For the following reasons, those portions of the motions to dismiss addressed in this Opinion are denied.

Background

As described in greater detail in the December Opinion, the Lead Plaintiffs sued Converium Holding AG ("Converium"), its officers, directors, former parent company, and lead underwriters for Converium's December 2001 initial public offering ("IPO"). Prior to the IPO, Converium was a wholly owned subsidiary of defendant Zurich Financial Services ("ZFS"). Converium is a multinational reinsurer, and these consolidated class actions followed the collapse of its North American business unit in September 2004. The thrust of the complaint is that the defendants hid from investors that Converium's loss reserves were hundreds of millions of dollars less than they needed to be to cover Converium's exposure.

The December Opinion dismissed several claims, including the Exchange Act Section 10(b) claim against ZFS and the Exchange Act Section 10(b) claim brought by purchasers in the IPO against Converium and the Officer Defendants.[1]  See December Opinion, 2006 WL 384619, at *10-13, *18.  The December Opinion also dismissed as time barred the Securities Act claims against all defendants, and Lead Plaintiff's motion for reconsideration on those claims was denied.  The Reconsideration Opinion, however, granted reconsideration of the Exchange Act Section

---

[1] The "Officer Defendants" refers to defendants Dirk Lohmann, Martin Kauer, and Richard Smith.

10(b) claim against Converium and the Officer Defendants for statements made in connection with the IPO to the extent that the claim is brought on behalf of purchasers in the after-market.  <u>See</u> Reconsideration Opinion, 2007 WL 1041480, at *2.

On September 4, 2007, an Order was issued preliminarily approving a settlement between Lead Plaintiffs and (1) ZFS; (2) Converium directors Terry G. Clarke, Peter C. Colombo, George F. Mehl, Jurgen Förterer, Anton K. Schnyder, Derrell J. Hendrix, and George G.C. Parker (the "Director Defendants"); and (3) the IPO underwriters (the "Zurich Settlement").  The Zurich Settlement renders moot several issues raised in defendants' motion to dismiss that the Reconsideration Opinion would have otherwise required the Court to address here -- namely, whether the complaint pleads control-person liability against ZFS and the Director Defendants (other than Terry G. Clarke, against whom Section 20(a) claims were not brought) and whether this Court has personal jurisdiction over Director Defendants Colombo, Mehl, Förterer, and Schnyder.

In light of the Reconsideration Opinion and the Zurich Settlement, the only issues that must be resolved here are (1) whether the amended complaint alleges facts giving rise to a strong inference that the Registration Statement and Prospectus for the IPO ("IPO Documents") contain material misrepresentations or omissions that were made with scienter by

Converium and the Officer Defendants, and (2) whether the amended complaint pleads loss causation in connection with those IPO Documents.

## Discussion

The standard for pleading under Rules 8(a) and 9(b) and the PSLRA is detailed in the December Opinion, 2006 WL 3804619, at *8-10, and incorporated by reference here.

A. Section 10(b) Liability in Connection with the IPO Documents

The standard for Section 10(b) liability detailed in the December Opinion, 2006 WL 3804619, at *10, is also incorporated by reference here.  The Lead Plaintiffs brought claims under Section 10(b) of the Exchange Act against ZFS, Converium, and the Officer Defendants.  After dismissing those claims against ZFS, the December Opinion found that the Lead Plaintiffs had not adequately alleged reliance in connection with the IPO itself since there is no presumption that the market for IPO shares is efficient.  December Opinion, 2006 WL 3804619, at *10-12, *13.  The Reconsideration Opinion considered after-market purchasers, and found that the complaint's allegations were sufficient to support the traditional presumption of reliance for Exchange Act claims in the after-market.

Converium and the Officer Defendants had moved to dismiss the Section 10(b) claim against them on the ground that Lead

Plaintiffs failed to plead, with the requisite particularity, facts giving rise to a strong inference that any material misrepresentation or omission was made with scienter.  They argue that the complaint fails to allege that the defendants had motive to commit fraud, and that the complaint fails to allege that any misleading statement or omission was made as a result of conscious behavior or recklessness.  These arguments, similar to those made by Converium and the Officer Defendants in connection with their post-IPO statements, may be swiftly rejected here.

   A strong inference of scienter exists when there are allegations that a defendant "knew facts or had access to information suggesting that [the company's] public statements were not accurate."  Novak v. Kasaks, 216 F.3d 300, 311 (2d Cir. 2000).  As the Supreme Court recently clarified, "'in determining whether the pleaded facts give rise to a "strong" inference of scienter, the court must take into account plausible opposing inferences.'"  ATSI Commc'n, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 99 (2d Cir. 2007) (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2510 (2007)).  "For an inference of scienter to be strong, 'a reasonable person [must] deem [it] cogent and at least as compelling as any opposing inference one could draw from the facts alleged.'"  Id. (quoting Tellabs, 127 S. Ct. at 2510).

The inference of scienter raised by the factual allegations contained in the amended complaint is sufficiently strong to survive the defendants' motion to dismiss.  Lead Plaintiffs have alleged that Converium's pre-IPO public announcements and IPO Documents contained representations regarding the adequacy of its loss reserves and financial results that were at odds with earlier loss reserve studies and the report prepared by the actuarial consulting firm Tillinghast/Towers Perrin, and that despite the representation in the IPO Documents that Converium's loss reserves were "established in-line with Tillinghast's best estimates," Converium and the Officer Defendants knew that the reserves were not in-line with Tillinghast's best estimates.

Converium and the Officer Defendants counter by arguing that Tillinghast's final report on loss reserves, which substantially reduced its original deficiency estimate, undercuts the Lead Plaintiffs' scienter claim, and that the Lead Plaintiffs have not alleged anything improper about the discussions between management and Tillinghast following Tillinghast's initial report.  Furthermore, in the context of their arguments on the Securities Act claims relating to the IPO Documents, Converium and the Officer Defendants also argue that the existence of an unchallenged audit opinion by Price Waterhouse Coopers undercuts Lead Plaintiffs' claim that loss reserves were deficient, and that Converium and the Officer

7

Defendants did not know or have reason to believe that the reserves were deficient in light of the Price Waterhouse Coopers audit and the final report from Tillinghast.

These arguments by Converium and the Officer Defendants were considered and rejected in the December Opinion in considering the post-IPO statements, and they must similarly be rejected here. As noted in the December Opinion, at this stage of the litigation, a court may not "weigh the evidence that might be presented at trial." Chosun Int'l, Inc. v. Chrisha Creations, Ltd., 413 F.3d 324, 327 (2d Cir. 2005) (citation omitted). Its task instead is simply "to determine whether the complaint itself is legally sufficient." Id. (citation omitted). In light of "all of the facts alleged, taken collectively," the inference of scienter raised by the Lead Plaintiffs' amended complaint is "at least as compelling as any opposing inference one could draw from the facts alleged," including the inferences suggested by Converium and the Officer Defendants in their motion to dismiss, as described above. Tellabs, 127 S. Ct. at 2509, 2510. Thus, the heightened pleading standards of Rule 9(b) and the PSLRA are satisfied here.[2] The result is no different when the final Tillinghast report or the Price Waterhouse Coopers audit is considered.[3]

---

[2] As a result, for the reasons stated in the December Opinion, 2006 WL 3804619, at *14, to the extent that the Section 20(a)

8

B. Loss Causation

In order to state a Section 10(b) claim, the Lead Plaintiffs must also allege loss causation.[4]  See Lentell v. Merrill Lynch & Co., 396 F.3d 161, 172 (2d Cir. 2005).  Loss causation is "a causal connection between the material misrepresentation and the loss."  Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 342 (2005).  To plead loss causation, "a plaintiff must allege that the subject of the fraudulent statement or

---

claim against the Officer Defendants relates to the issuance of the IPO documents, that claim will also go forward.

[3] Similar to the conclusion reached in the December Opinion, there is no need to consider the Lead Plaintiffs' motion to strike the final Tillinghast report, because Converium and the Officer Defendants' motion to dismiss the Section 10(b) claim in connection with the IPO must be denied even when the defendants' documents are considered.

[4] In their joint opposition to the Lead Plaintiffs' motion for reconsideration, defendants raised loss causation as an issue to be determined should reconsideration be granted.  Loss causation had originally been raised by defendant ZFS -- and not by Converium and the Officer Defendants -- in its motion to dismiss the Section 10(b) claims against it, which were dismissed on other grounds in the December Opinion. December Opinion, 2006 WL 3804619, at *12.  Furthermore, in its Reply brief on the motion to dismiss, ZFS stated that "if the Court grants ZFS's motion to dismiss the Securities Act claims as time-barred, ZFS is willing to withdraw this loss-causation argument at the pleading stage."  In light of this statement, the ZFS Settlement, and the failure of Converium and the Officer Defendants to raise this argument in their motion to dismiss, the issue of loss causation would need not to be addressed here at all.  In the interest of thoroughness, however, loss causation will be briefly considered.

omission was the cause of the actual loss suffered, i.e., that the misstatement or omission concealed something from the market that, when disclosed, negatively affected the value of the security." Lentell, 396 F.3d at 173 (citation omitted). "[I]f the loss was caused by an intervening event, like a general fall in the price of [] stocks, the chain of causation will not have been established.  But such is a matter of proof at trial and not to be decided on a Rule 12(b)(6) motion to dismiss." Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc., 343 F.3d 189, 197 (2d Cir. 2003).

   The Lead Plaintiffs have sufficiently alleged loss causation at this stage for their Section 10(b) claims in connection with the IPO.  The complaint alleges that the IPO Documents contained misrepresentations regarding the status of Converium's loss reserves, that the defendants hid the fact of the reserve deficiency, and that, by July 20, 2004, the defendants could no longer hide Converium's massive reserve deficiency, leading to Converium's ultimate collapse.  The extent to which subsequent events and post-IPO statements may be intervening events cannot be determined at this motion to

dismiss stage.

## Conclusion

For the above reasons, the motion to dismiss filed on behalf of Converium and the Officer Defendants regarding the IPO statements is denied.

SO ORDERED:

Dated:   New York, New York
         September 14, 2007

 _____
          DENISE COTE
   United States District Judge