## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: SCOR HOLDING (SWITZERLAND) AG SECURITIES LITIGATION | Case No. 04 Civ. 7897 (DLC)<br><br>Hon. Denise Cote |

## LEAD PLAINTIFF'S NOTICE OF MOTION
## FOR APPROVAL OF DISTRIBUTION PLAN

**PLEASE TAKE NOTICE** that, upon the accompanying Declaration of Stephen J. Cirami in

Support of Lead Plaintiff's Motion for Approval of Distribution Plan (the "Cirami Declaration"),

submitted by the Court-approved Claims Administrator, The Garden City Group, Inc. ("GCG"), and

pursuant to Federal Rule of Civil Procedure 23(e), Lead Plaintiff, the Public Employees' Retirement

System of Mississippi ("Lead Plaintiff"), will move this Court, before the Honorable Denise Cote,

United States District Judge, at the United States Courthouse for the Southern District of New York,

500 Pearl Street, New York, New York, to enter the accompanying order approving Lead Plaintiff's

plan for distribution of the Net Settlement Funds in the above-referenced Action.  If approved, the

order will, *inter alia*:

      1.      Adopt GCG's administrative recommendations to accept the Timely Eligible Claims,

as set forth in Exhibit B-1 to the Cirami Declaration, and the Late But Otherwise Eligible Claims, as

set forth in Exhibit B-2 to the Cirami Declaration;

      2.      Reject wholly ineligible or otherwise deficient Claims, as set forth in Exhibit B-3 to

the Cirami Declaration;

      3.      Direct GCG to distribute 100% of the available balance of the Net Settlement Funds,

after deducting the payments previously allowed and requested herein, and after payment of any

estimated taxes and the costs of preparing appropriate tax returns and any escrow fees, to the

Authorized Claimants based on their Recognized Loss Amounts in comparison to the Recognized Loss Amounts of all Authorized Claimants (the "Distribution"); provided, however, that Authorized Claimants whose prorated payments calculate to less than $10 will receive $10;

4.      In order to encourage Authorized Claimants to cash their Distribution checks promptly, and to avoid or reduce future expenses relating to unpaid Distribution checks, direct that all of the Distribution checks bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]";

5.      Direct that Authorized Claimants who do not cash their Distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlements, and that the funds allocated to all such stale-dated checks will be available in the re-distribution to other Authorized Claimants;

6.      Consistent with the Court-approved Plan of Allocation, direct that (i) if any funds remain in the Net Settlement Funds after the Distribution because of uncashed distributions or other reasons, then, after GCG has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution checks, any balance remaining in the Net Settlement Funds one (1) year after the Distribution shall be redistributed to Authorized Claimants who have cashed their Distribution checks and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Funds for such redistribution; and (ii) if any funds remain in the Net Settlement Funds six (6) months after such re-distribution, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organizations designated by Lead Counsel after notice to the Court and subject to direction, if any, by the Court;

7.      Release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or

otherwise involved in the administration or taxation of the Settlement Funds or the Net Settlement

Funds, from any and all claims arising out of such involvement, and bar all Class Members, whether

or not they receive payment from the Net Settlement Funds, from making any further claims against

the Net Settlement Funds, Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent or

any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or

taxation of the Settlement Funds or the Net Settlement Funds beyond the amount allocated to

Authorized Claimants;

8.　　Direct that no further Proofs of Claims may be accepted, and no further adjustments

to Proofs of Claim may be made for any reason after September 24, 2010;

9.　　Approve all of the fees and expenses incurred and to be incurred by GCG in

connection with its administration of the Settlements, and direct payment of $37,966.84 out of the

Settlement Funds to GCG for the unpaid balance of such fees and expenses;

10.　　Authorize the destruction of the paper copies of the Proofs of Claim and all

supporting documentation one year after the Distribution, and the destruction of electronic copies of

the same three years after the Distribution; and

11.　　Retain jurisdiction to consider any further applications concerning the administration

of the Settlements, and such other and further relief as this Court deems appropriate.

The [Proposed] Order Approving Distribution Plan is attached hereto as Exhibit 1.

Dated:  October 1, 2010                    Respectfully submitted,

                                           **BERNSTEIN LITOWITZ BERGER &**
                                           **GROSSMANN LLP**

                                             /s/ Steven B. Singer
                                           Steven B. Singer (SS-5212)
                                           steven@blbglaw.com
                                           Beata Gocyk-Farber (BGF-5420)
                                           beata@blbglaw.com
                                           Avi Josefson (AJ-3532)
                                           avi@blbglaw.com
                                           1285 Avenue of the Americas
                                           New York, NY 10019
                                           (212) 554-1400

                                           *Co-Lead Counsel for the Class and Counsel for*
                                           *Lead Plaintiff Public Employees' Retirement*
                                           *System of Mississippi*

                                           **COHEN MILSTEIN SELLERS &**
                                           **TOLL PLLC**
                                           Steven J. Toll
                                           Daniel S. Sommers
                                           Matthew K. Handley
                                           1100 New York Avenue, N.W.
                                           West Tower, Suite 500
                                           Washington, DC 20005-4600
                                           Tel. (202) 408-4600

                                           *Co-Lead Counsel for the Class*

                                           **SPECTOR ROSEMAN KODROFF &**
                                           **WILLIS, P.C.**
                                           Robert M. Roseman (RR-1103)
                                           Mark S. Willis
                                           Andrew D. Abramowitz
                                           Daniel J. Mirarchi
                                           Rachel E. Kopp
                                           1818 Market Street, Suite 2500
                                           Philadelphia, PA 19103
                                           Tel. (215) 496-0300

                                           *Co-Lead Counsel for the Class*

#457048

# Exhibit 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: SCOR HOLDING (SWITZERLAND) AG SECURITIES LITIGATION | Case No. 04 Civ. 7897 (DLC)<br><br>Hon. Denise Cote |

## [PROPOSED] ORDER APPROVING DISTRIBUTION PLAN

Lead Plaintiff, the Public Employees' Retirement System of Mississippi ("Lead Plaintiff"), on notice to Defendants' Counsel, moved this Court for an order approving a distribution plan for the Net Settlement Funds, and the Court having considered all the materials and arguments submitted in support of this motion, including the Declaration of Stephen J. Cirami in Support of Lead Plaintiff's Motion for Approval of Distribution Plan (the "Cirami Declaration"), submitted therewith;

### NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation of Settlement as to SCOR Holding (Switzerland) AG, dated July 25, 2008 (the "SHS Stipulation"), the Amended Stipulation of Settlement as to Zurich Financial Services, dated July 25, 2008 (the "ZFS Stipulation" and, together with the SHS Stipulation, the "Stipulations"), and the Cirami Declaration and all terms used herein shall have the same meanings as set forth in the Stipulations and the Cirami Declaration.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.      Lead Plaintiff's plan for distribution of the Net Settlement Funds to Authorized Claimants is **APPROVED**. Accordingly,

        a.      The administrative recommendations of the Court-appointed Claims Administrator, The Garden City Group, Inc. ("GCG"), to accept the Timely Eligible Claims,

as set forth in Exhibit B-1 to the Cirami Declaration, and the Late But Otherwise Eligible Claims, as set forth in Exhibit B-2 to the Cirami Declaration, are adopted;

      b.     The Claims Administrator's administrative recommendations to reject wholly ineligible or otherwise deficient Claims, as set forth in Exhibit B-3 to the Cirami Declaration, are adopted;

      c.     GCG is directed to distribute 100% of the available balance of the Net Settlement Funds, after deducting the payments previously allowed and approved herein, and after payment of any estimated taxes and the costs of preparing appropriate tax returns and any escrow fees, to the Authorized Claimants based on their Recognized Loss Amounts in comparison to the Recognized Loss Amounts of all Authorized Claimants (the "Distribution"); provided, however, that Authorized Claimants whose prorated payments calculate to less than $10 will receive $10.

      d.     In order to encourage Authorized Claimants to cash their Distribution checks promptly, and to avoid or reduce future expenses relating to unpaid Distribution checks, all Distribution checks shall bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]";

      e.     Authorized Claimants who do not cash their Distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlements, and the funds allocated to all such stale-dated checks will be available in the re-distribution to other Authorized Claimants;

      f.     If any funds remain in the Net Settlement Funds after the Distribution because of uncashed distributions or other reasons, then, after GCG has made reasonable and diligent

efforts to have Authorized Claimants cash their Distribution checks, any balance remaining in the Net Settlement Funds one (1) year after the Distribution shall be redistributed to Authorized Claimants who have cashed their Distribution checks and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Funds for such redistribution. If any funds remain in the Net Settlement Funds six (6) months after such re-distribution, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organizations designated by Lead Counsel after notice to the Court and subject to direction, if any, by the Court.

g.     All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Funds or the Net Settlement Funds, are hereby released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they receive payment from the Net Settlement Funds, are hereby barred from making any further claims against the Net Settlement Funds, Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Funds or the Net Settlement Funds beyond the amount allocated to Authorized Claimants;

h.     No further Proofs of Claims may be accepted, and no further adjustments to Proofs of Claim may be made for any reason, after September 24, 2010;

i.     All of the fees and expenses incurred and to be incurred by GCG in connection with its administration of the Settlements are approved; accordingly, Lead

Counsel shall direct payment of $37,966.84 out of the Settlement Funds to GCG for the unpaid balance of such fees and expenses; and

        j.      Paper copies of the Proofs of Claim and all supporting documentation may be destroyed one year after the Distribution and electronic copies of the same may be destroyed three years after the Distribution.

        4.      This Court retains jurisdiction to consider any further applications concerning the administration of the Settlements, and such other and further relief as this Court deems appropriate.

SO ORDERED:

Dated: New York, New York

_____, 2010


_____
           DENISE COTE
      United States District Judge

#457050

4